## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| RACHEL SCOTT and DORA IG-IZEVBEKHAI, | Case No. 0:25-cv-03347-KMM-DJF |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS UNDER RULES 12(b)(1) AND (6), FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e), AND TO STRIKE THE COMPLAINT UNDER RULE 12(f) OF DEFENDANT WALGREEN, CO. d/b/a WALGREENS** |
| v. | |
| THE MINNESOTA BOARD OF PHARMACY; et al., | |
| Defendants. | |

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.

*s/Bruce J. Douglas*
Bruce J. Douglas, MN #23966
Tyler W. Hartney, MN #0400100
Paola K. Maldonado, MN #0403661
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-339-1818
Facsimile:  612-339-0061
bruce.douglas@ogletree.com
tyler.hartney@ogletree.com
paola.maldonado@ogletree.com

***Attorneys for Defendant***
***Walgreen, Co. d/b/a Walgreens***

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. SUMMARY OF THE ARGUMENT ................................................................... 2

III. ARGUMENT ....................................................................................................... 4

    A.  **Rules 12(b)(1) and (6) – Absence of a Justiciable Claim by Dr. Scott Against Walgreens** ........................................................................................ 4

    B.  **Rules 12(e) and (f) – More Definite Statement and to Strike the Complaint** .................................................................................................... 7

    C.  **§2201 Claim – Counts One and Four – Dr. Ig-Izevbekhai's Declaratory Judgment Claims Against Walgreens Should be Dismissed** ...................... 13

    IV. CONCLUSION ................................................................................................ 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abu Ali v. Gonzales,*
   387 F. Supp. 2d 16 (D.D.C.2005) .................................................................. 6

*Aetna Cas. & Sur. Co. v. Jefferson Tr. & Sav. Bank,*
   993 F.2d 1364 (8th Cir. 1993) ..................................................................... 13

*Allen v. Nicholson,*
   573 F. Supp. 2d 35 (D.D.C. 2008) ............................................................... 6

*Alleruzo v. SuperValu, Inc.,*
   925 F.3d 955 (8th Cir. 2019) ........................................................................ 5

*Am. Family Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.,*
   912 F.3d 1076 (8th Cir. 2019) ...................................................................... 5

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................................... 5

*Baxley Equip. Co., LLC v. Hogue Indus., LLC,*
   2018 WL 2944159 (W.D. Ark. June 12, 2018) ............................................. 5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................................... 5

*BJC Health Sys. v. Columbia Cas. Co.,*
   478 F.3d 908 (8th Cir. 2007) ...................................................................... 12

*Blankenship v. USA Truck, Inc.,*
   601 F.3d 852 (8th Cir. 2010) ........................................................................ 5

*Branson Label, Inc. v. City of Branson,*
   793 F.3d 910 (8th Cir. 2015) ........................................................................ 4

*Buckler v. United States,*
   919 F.3d 1038 (8th Cir. 2019) ...................................................................... 4

*Countrywide Home Loans, Inc. v. Mortg. Guar. Insu. Corp.,*
   642 F.3d 849 (9th Cir. 2011) ...................................................................... 13

i

*Diamond v. Premier Mfg./Voith Indus. Servs.*,
  2012 WL 313996 (E.D. Mich. Jan. 6, 2012), *report and
  recommendation adopted sub nom. Diamond v. Premier MFG/Voith
  Indus. Servs.*, 2012 WL 314075 (E.D. Mich. Jan. 31, 2012) .......................................... 8

*Faibisch v. Univ. of Minn.*,
  304 F.3d 797 (8th Cir. 2002) ......................................................................... 4

*Finnegan v. Suntrust Mortgage*,
  140 F. Supp. 3d 819 (D. Minn 2015) ........................................................... 16

*Finneman v. Laidlaw*,
  57 F.4th 605 (8th Cir. 2023) .......................................................................... 6

*Fritz v. Cnty. of Kern*,
  2009 WL 382741 (E.D. Cal. Feb. 13, 2009), *aff'd sub nom. Fritz v.
  Garza*, 373 F. App'x 696 (9th Cir. 2010) ................................................ 3, 8

*Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*,
  479 F. Supp. 3d 143 (E.D. Pa. 2020) ........................................................ 16

*Gurman v. Metro. Hous. & Redevelopment Auth.*,
  842 F. Supp. 2d 1151 (D. Minn. 2011) ................................................... 8, 9

*Hastings v. Principal Life Ins. Co.*,
  2021 WL 6061916 (S.D. Iowa July 28, 2021) ............................................. 6

*Hoeft v. Hennepin Cty.*,
  754 N.W.2d 717 (Minn. Ct. App. 2008) .................................................... 13

*Hullum v. Mici*,
  2023 BL 415037 (D. Mass. Nov. 15, 2023) .................................................. 8

*Jones v. Nationwide Mut. Ins. Co.*,
  2025 U.S. Dist. LEXIS 68713 (S.D. Fla. Apr. 10, 2025) ........................... 17

*Jorgenson v. Qwest Corp.*,
  2008 WL 2102206 (D. Minn. May 16, 2008) ............................................... 6

*Kennedy v. Bremerton Sch. Dist.*,
  597 U.S. 507 (2022) .................................................................................... 15

*Lancaster v. Northern States Power Co.*,
  2011 WL 5444115 (D. Minn. Nov. 9, 2011) ............................................... 16

*Lease v. Fishel*,
2009 WL 922486 (M.D. Pa. Apr. 3, 2009) ................................................................. 8

*MASTR Asset Backed Sec. Tr. 2006-HE3 v. WMC Mortg. Corp.*,
843 F. Supp. 2d 996 (D. Minn. 2012) ............................................................... 14, 17

*McCaughtry v. City of Red Wing*,
808 N.W.2d 331 (Minn. 2011) ............................................................................... 13

*McHenry v. Renne*,
84 F.3d 1172 (9th Cir. 1996) ................................................................................... 9

*Mille Lacs Band of Chippewa Indians v. Minnesota*,
152 F.R.D. 580 (D. Minn.1993) ............................................................................. 16

*Peabody v. Griggs*,
2009 WL 3200686 (D.R.I. Oct. 6, 2009) ................................................................ 8

*Ransom v. VFS, Inc.*,
918 F. Supp. 2d 888 (D. Minn. 2013) ...................................................................... 7

*Rupp v. Mayasich*,
561 N.W.2d 555 (Minn. Ct. App. 1997) ............................................................... 15

*Tesla, Inc. v. La. Auto. Dealers Ass'n*,
677 F. Supp. 3d 417 (E.D. La. 2023) ..................................................................... 16

*Thole v. U. S. Bank N.A*,
590 U.S 538 (2020) ................................................................................................. 4

*Torres v. Goddard*,
No. CV-06-2482-PHX-SMM, 2008 U.S. Dist. LEXIS 35291 (D. Ariz.
Apr. 22, 2008) ...................................................................................................... 11

*Trump v. N.Y. Times Co.*,
2025 U.S. Dist. LEXIS 184005 (M.D. Fla. Sep. 19, 2025) .................................. 12

*Wagner v. Holtzapple*,
101 F. Supp. 3d 462 (M.D. Pa. 2015) .................................................................... 10

*Wilson v. U.S. W. Commc'ns*,
58 F.3d 1337 (8th Cir. 1995) ................................................................................ 16

**Statutes**

42 U.S.C.S. §2000e-5(g) ............................................................................................. 2

28 U.S.C. §2201(a) ................................................................. 1, 2, 3, 13

42 U.S.C. §2000e-5(k) ...................................................................... 7

Minn. Stat. Ann. §363A.33, subd. 7 ................................................ 7

Minn. Stat. Ann. §363A.33, subd. 9 ................................................ 2

Minn. Stat. §363A.33 ....................................................................... 7

Minnesota Human Rights Act ................................................. 1, 2, 15

Minnesota's Uniform Declaratory Judgment Act ........................... 13

Uniform Declaratory Judgments Act ............................................... 14

**Other Authorities**

Fed. R. Civ. P. 8(a) ................................................................ 3, 8, 13

Fed. R. Civ. P. 10(b) ........................................................................ 8

Federal Rules of Civil Procedure Rule 8 .................................. 3, 8, 9

Federal Rules of Civil Procedure Rules 8 and 10 ............................ 8

Federal Rules of Civil Procedure Rules 8 and 12 .......................... 10

Federal Rules of Civil Procedure Rule 12(b)(1) ....................... 4, 5, 6

Federal Rules of Civil Procedure Rule 12(e) ............................ 7, 17

Federal Rules of Civil Procedure Rule 12(f) ........................... 12, 17

Minn. R. 68000.2250 ..................................................................... 14

Rule 8(a)(2) .............................................................................. 3, 8, 9

Rule 12(b)(1) and 12(b)(6) ......................................................... 7, 17

Rule 12(b)(6) ............................................................................... 5, 7

Rules 12(b)(1) and (6) ..................................................................... 4

Rules 12(e) and (f) ........................................................................... 7

U.S. Constitution Establishment Clause ....................................... 15

# I. INTRODUCTION

In a 43-page Complaint with 197 allegation paragraphs and eight conclusory, introductory paragraphs, Plaintiffs Rachell Scott ("Dr. Scott") and Dora Ig-Izevbekhai ("Dr. Ig-Izevbekhai") filed an action collectively asserting eight causes of action against Defendant Walgreen Co. d/b/a Walgreens ("Walgreens") and the Minnesota Board of Pharmacy and its Members (collectively, the "Board Defendants). Of the eight Counts, however, only four purport to assert claims against Walgreens: (1) two separate declaratory judgment actions brought under 28 U.S.C. §2201(a) only by Dr. Ig-Izevbekhai; and (2) two employment discrimination claims under Title VII and the Minnesota Human Rights Act ("MHRA") only by Dr. Ig-Izevbekhai. The Complaint is prolix, contains opinions, conclusions, and arguments more appropriate, if at all, for a motion brief. Dr. Scott lacks standing to sue Walgreens, and the Complaint as a whole should be stricken with leave to amend.

## II. SUMMARY OF THE ARGUMENT

The following table shows the Counts in the Complaint and the Defendants against whom claims are brought by Dr. Scott and Dr. Izevbekhai:[1]

| **TABLE 1** (See Compl., Doc. 1) | | | |
|---|---|---|---|
| **Count:** | **Cause of Action:** | **Asserted By:** | **Asserted Against:** |
| 1a | Declaratory Judgment | Dr. Scott | Board Defendants |
| 1b | Declaratory Judgment | Dr. Ig-Izevbekhai | All Defendants |
| 2 | Free Exercise of Religion | Both Plaintiffs | Board Defendants |
| 3 | Free Exercise | Both Plaintiffs | Board Defendants |
| 4 | Declaratory Judgment | Dr. Ig-Izevbekhai | All Defendants |
| 5 | Free Exercise of Religion | Dr. Ig-Izevbekhai | Board Defendants |
| 6 | Free Exercise | Dr. Ig-Izevbekhai | Board Defendants |
| 7 | Title VII Religion Discrimination | Dr. Ig-Izevbekhai | Walgreens |
| 8 | Minnesota Human Rights Act ("MHRA") Discrimination | Dr. Ig-Izevbekhai | Walgreens |

Dr. Ig-Izevbekhai's claims against Walgreens under §2201(a) (Counts One and Four) seek relief from Walgreens that is duplicative in nature to the relief available under Title VII and the MHRA.[2] Because the claims are parallel, and those two statutes provide the same relief and contain particular remedial schemes, the Court should decline to

---

[1] Although neither Plaintiff is a medical doctor, they have chosen to use the prefix "Dr." in their Complaint. Because this uncommon appellation is apparently sometimes used by persons holding a non-medical doctorate-level degree, out of courtesy, Plaintiffs are referred to as they refer to themselves in their pleading.

[2] 42 U.S.C.S. §2000e-5(g); Minn. Stat. Ann. §363A.33, subd. 9.

extend its discretionary jurisdiction over the §2201(a) claims and dismiss them accordingly.

The Court lacks subject matter jurisdiction over any purported claim Dr. Scott may assert against Walgreens. Dr. Scott asserts no counts directly against Walgreens. This is understandable, as she cannot bring such claims as she previously settled an EEOC charge and entered into a settlement agreement in which she released and waived all claims against Walgreens and agreed to a covenant not to sue. Thus, she has no justiciable claim for relief and lacks standing to assert any claim for relief against Walgreens. However, she included a claim for attorneys' fees against all Defendants. See Compl. ¶M, Doc. 1 at 43.

The Complaint as drafted does not comply with the mandate of Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Simply put, as numerous federal courts have admonished parties when addressing similarly drafted prolix complaints, "[a] complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)." *Fritz v. Cnty. of Kern*, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009), *aff'd sub nom. Fritz v. Garza*, 373 F. App'x 696 (9th Cir. 2010). As written, the Complaint is unnecessarily vague and confusing, and has made it difficult for this Defendant to respond to. The inclusion of several footnotes in the Complaint further complicates the task of answering the Complaint. Plaintiffs' Complaint should be stricken in its entirety with instructions to replead a more tailored Complaint, if possible.

3

## III. ARGUMENT

### A.    Rules 12(b)(1) and (6) – Absence of a Justiciable Claim by Dr. Scott Against Walgreens

Rule 12(b)(1) of the Federal Rules of Civil Procedure sets forth a pre-answer mechanism for parties to challenge the existence of subject-matter jurisdiction. *See Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). Plaintiffs bear the burden of proof in establishing subject matter jurisdiction. *Id*. To establish Article III standing, Plaintiffs must demonstrate:

> (1) an injury in fact that is concrete, particularized, and actual or imminent;
> (2) the injury was caused by the defendant(s); and
> (3) that the injury would likely be redressed by the requested judicial relief.

*Thole v. U. S. Bank N.A*, 590 U.S 538, 540 (2020) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (citing *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993)). For that reason, "a standing argument implicates Rule 12(b)(1)." *Id*.

Courts deciding a motion brought under Rule 12(b)(1) must first distinguish whether the attack on jurisdiction is a "facial" or "factual" attack. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (internal citations omitted). In a facial attack, the court's review is restricted to the face of the pleadings; materials attached thereto or incorporated therein, or embraced by the pleadings. In a factual attack, courts are permitted to look to matters outside the pleadings. *Id*. The ability to look outside the pleadings to make factual findings, without converting the motion to a motion for

summary judgment, distinguishes motions brought under Rule 12(b)(1) from motions

brought under Rule 12(b)(6). *Am. Family Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*,

912 F.3d 1076, 1080 n. 4 (8th Cir. 2019) (citing *Davis v. Anthony, Inc.*, 886 F.3d 674,

679 (8th Cir. 2018)).

    To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a

complaint must allege sufficient facts that, when accepted as true, state a facially

plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court

accepts as true all factual allegations in the complaint and draws all reasonable inferences

in the plaintiff's favor. *Blankenship v. USA Truck, Inc.,* 601 F.3d 852, 853 (8th Cir.

2010). A plaintiff must offer more than "labels and conclusions" or a "formulaic

recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

555, 555 (2007). Conclusions couched as factual allegations may be disregarded by the

district court. *See Iqbal*, 556 U.S. at 678–79. Whether a complaint states a plausible

claim is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Alleruzo v. SuperValu, Inc*., 925 F.3d 955, 962 (8th Cir.

2019).

    Walgreens' 12(b)(1) motion is a factual attack to subject-matter jurisdiction, as it

relies on a prior Settlement Agreement containing a covenant not to sue signed by Dr.

Scott, references to which are meticulously omitted from the Complaint. *See Baxley

Equip. Co., LLC v. Hogue Indus., LLC*, 2018 WL 2944159, at *3 (W.D. Ark. June 12,

2018) (considering evidence beyond the scope of pleadings, such as a covenant not to

sue, to determine the existence of subject-matter jurisdiction). "[C]omplete settlement

moots an action." *Allen v. Nicholson*, 573 F. Supp. 2d 35, 38 (D.D.C. 2008) (quoting

*Aulenback, Inc. v. Federal Highway Admin.,* 103 F.3d 156, 161 (D.C. Cir.1997)).

"Dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) because

plaintiff has already resolved the claims discussed in his complaint and therefore his

complaint is moot." *Id.* (citing *Abu Ali v. Gonzales,* 387 F. Supp. 2d 16, 17 (D.D.C.2005).

"[M]ootness creates a jurisdictional defect" *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17

(D.D.C. 2005). Similarly, a valid release and covenant not to sue removes the court's

jurisdiction to hear a plaintiff's complaint. *Hastings v. Principal Life Ins. Co.*, 2021 WL

6061916, at *1 (S.D. Iowa July 28, 2021) (dismissing plaintiff's claims as barred by

releases and a covenant not to sue in the prior settlement agreement.); *see also Jorgenson*

*v. Qwest Corp.*, 2008 WL 2102206, at *3 (D. Minn. May 16, 2008).

On June 3, 2024, Dr. Scott and Walgreens executed a Settlement Agreement,

General Release and Waiver (the "Settlement Agreement") whereby Dr. Scott released

"any and all claims, known or unknown, arising on or before the date [she] signs this

Agreement and Release," including "claims that in any way relate to [her] employment

[or] separation from employment" and any claims for "monetary damages," "costs,

expenses, and attorneys' fees." Hartney Decl., Ex. 1 at ¶2. Importantly, in the Settlement

Agreement, Dr. Scott agreed to a covenant not to sue Walgreens stating that she "waives

all rights to sue or obtain equitable, remedial or punitive relief from any or all Released

Parties of any kind whatsoever in respect of any claim released" within the Settlement

Agreement. *Id.* at ¶5. She cannot demonstrate an injury in fact and no case or

controversy. *See Finneman v. Laidlaw*, 57 F.4th 605, 607 (8th Cir. 2023). Thus, Dr.

6

Scott's complete settlement with release of claims against Walgreens renders any and all claims she has against Walgreens moot thereby creating a jurisdictional defect warranting dismissal pursuant to Rule 12(b)(1) and 12(b)(6).[3]

**B.    Rules 12(e) and (f) – More Definite Statement and to Strike the Complaint**

Rule 12(e) of the Federal Rules of Civil Procedure authorizes a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The only question when assessing a motion brought pursuant to this rule is "whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013) (quoting *Lyon Fin. Servs., Inc. v. MBS Mgmt. Servs., Inc.,* 2007 WL 2893612, at *9 (D. Minn. Sept. 27, 2007) (citing *Century '21' Shows v. Owens,* 400 F.2d 603, 607 (8th Cir. 1968)).

---

[3] Regardless of whether the Court reviews this motion to dismiss as a facial or factual attack, dismissal is warranted. Even accepting as true all factual allegations plead within Plaintiffs' Complaint, Dr. Scott has failed to demonstrate any legal basis to entitle her to her requested relief of "[r]easonable attorneys' fees, costs, and other costs and disbursements in this action pursuant to […] Minn. Stat. §363A.33, or other applicable law." See Compl. ¶M, Doc. 1 at 43. The MHRA provides that "[i]n any action or proceeding *brought pursuant to this section* the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." Minn. Stat. Ann. §363A.33, subd. 7 (emphasis added). Title VII likewise provides for attorney's fees. *See* 42 U.S.C. §2000e-5(k).  However, Dr. Scott has not asserted any claims against Walgreens - much less any brought pursuant to Title VII or the MHRA, presumably because of the terms of the Settlement Agreement. Thus, her request for relief should be dismissed pursuant to Rule 12(b)(6).

Complaints are required to be clear and concise to conform with Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Rule requires that a "pleadings that states a claim for relief must contain: […] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As many federal courts have admonished parties, "[a] complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)." *Fritz v. Cnty. of Kern*, 2009 WL 382741, at *2 (E.D. Cal. Feb. 13, 2009), *aff'd sub nom. Fritz v. Garza*, 373 F. App'x 696 (9th Cir. 2010).[4] "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that "read more like a novel than a legal pleading and frequently digress into improper argumentative detail" violate the strictures of Rules 8 and 10 of the Federal Rules of Civil Procedure. *Lease v. Fishel*, 2009 WL 922486, at *2 (M.D. Pa. Apr. 3, 2009).

A complaint "must be concise, and it must be clear. Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman v.*

---

[4] *See, e.g., Hullum v. Mici*, 2023 BL 415037 (D. Mass. Nov. 15, 2023) ("A complaint is not a novel, and even the claims described here should not exceed 30 pages"); *Diamond v. Premier Mfg./Voith Indus. Servs.*, 2012 WL 313996, at *4 (E.D. Mich. Jan. 6, 2012), *report and recommendation adopted sub nom. Diamond v. Premier MFG/Voith Indus. Servs.*, 2012 WL 314075 (E.D. Mich. Jan. 31, 2012) ("a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts"); *Lease v. Fishel*, 2009 WL 922486, at *2 (M.D. Pa. Apr. 3, 2009) ("The mash of allegations in this introductory statement read more like a novel than a legal pleading and frequently digress into improper argumentative detail"); *Peabody v. Griggs*, 2009 WL 3200686, at *10 (D.R.I. Oct. 6, 2009).

*Metro. Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). On this basis, courts have dismissed complaints of similar lengths to Plaintiffs'. *See id.* (dismissing a Complaint exceeding 60 pages and almost 250 paragraphs as noncompliant with Rule 8); *see also McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) (granting a 12(e) motion to dismiss a 43-page complaint and holding that "the purpose of the court system is not, after all, to provide a forum for storytelling or political griping, but to resolve legal disputes"). A complaint that is not sufficiently concise and clear leads to "wasted time and money to the defendants." *Id.* at 1153. The waste of judicial resources diverted to deal with improper complaints is significant, and this "is especially true in the District of Minnesota, which is one of the 4 or 5 busiest of the 94 federal districts." *Id.* at 1154 (citing *Powell v. I-Flow Corp.*, 711 F. Supp. 2d 1012, 1017 (D. Minn. 2010)). The "Court will no longer tolerate the filing of kitchen-sink complaints" and therefore will dismiss complaints for failure to comply with Rule 8. *Id.* (issuing an order staying the dismissal pending a period for plaintiffs to file a second amended complaint).

The surplusage contained Plaintiffs' complaint is confusing, and it is in violation of Rule 8(a)(2). Plaintiffs' extraordinarily lengthy Complaint sprawls over 40 pages, amounts to just shy of 200 *numbered* allegations, includes excessive background information, a narrative and argumentative 8-paragraph "introduction," numerous footnotes, and an overabundance of evidentiary detail to the point that renders it virtually impossible to formulate a responsive pleading.

Plaintiff's eight-paragraph introduction is argumentative and irrelevant. For example, Plaintiffs' plead that Walgreens "abruptly informed Plaintiffs that such an

accommodation was illegal under Minnesota law" and that "Walgreens was wrong about the law" which resulted in "Walgreens fir[ing] Dr. Scott and drastically reduc[ing] Dr. Ig-Izevbekhai's hours and compensation" before stating that "reasonable people understand that not every pharmacist or pharmacy sells every drug […]" Complaint, Doc. 1, ¶¶2-3. This language is both hyperbolic and argumentative. Further, the allegations relating to Dr. Scott's termination are not relevant because Dr. Scott asserts no direct claims against Walgreens. Superfluous introductory sections of pleadings that are argumentative and irrelevant are cause to support a motion to strike under Rules 8 and 12 of the Federal Rules of Civil Procedure. *See generally Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 489 (M.D. Pa. 2015) (striking an entire introduction on this basis).

The entire section entitled "The Board of Pharmacy's 'Reasonably Expected' Regulation and its Many Exceptions" contains a collection of argumentative, legal, and/or conclusory allegations regarding Minnesota's regulations, including several footnotes citing to external resources, and allegations regarding general pharmaceutical practices. Complaint, Doc. 1, ¶¶119-137. For example, the Complaint alleges "a significant number of relatively common medications are reimbursed at such low rates by health-insurance plans that many pharmacies would lose money by carrying and selling them." *Id.* at ¶130. This bears no relevance to the claims in the action. As detailed above, neither do any of the Complaint's references to Dr. Scott's supposed informal accommodation, maternity leave, her submission of a request for accommodation at Walgreens, and the alleged denial of her request by Walgreens. *Id.* at ¶¶38-52.

10

The inclusion of footnotes in a complaint can be sufficient to support a motion to strike. *See Torres v. Goddard*, No. CV-06-2482-PHX-SMM, 2008 U.S. Dist. LEXIS 35291, at *3 (D. Ariz. Apr. 22, 2008). "If an allegation bears an essential or important relationship to the claim for relief, it warrants inclusion in the body of the pleading. If it does not bear such a relationship, it does not belong in the pleading." *Id*. Plaintiffs' inclusion of six footnotes in the Complaint render it difficult for Walgreens to effectively respond as there is no mechanism to admit, deny, or otherwise object to a footnote in a responsive pleading. Here, the footnotes do not merely cite to a relevant federal statute or controlling court decision. They include references to *Amicus Curiae* briefs, news reports, congressional hearing testimony, FAQs, journals, or articles that themselves contain numerous pages, footnotes, statements, theories, conclusions, and opinions. Problematically, several of the links contained within these footnotes lead to unavailable webpages. These citations are more appropriate for a legal brief than a complaint.

As one district court recently ruled, *sua sponte,* in a well-publicized case:

> [A] complaint remains an improper and impermissible place for the tedious and burdensome aggregation of prospective evidence, for the rehearsal of tendentious arguments, or for the protracted recitation and explanation of legal authority putatively supporting the pleader's claim for relief. As every lawyer knows (or is presumed to know), a complaint is not a public forum for vituperation and invective — not a protected platform to rage against an adversary.
>
> A complaint is not a megaphone for public relations or a podium for a passionate oration at a political rally or the functional equivalent of the Hyde Park Speakers' Corner.
>
> A complaint is a mechanism to fairly, precisely, directly, soberly, and economically inform the defendants — in a

11

> professionally constrained manner consistent with the dignity
> of the adversarial process in an Article III court of the United
> States — of the nature and content of the claims. A complaint
> is a short, plain, direct statement of allegations of fact
> sufficient to create a facially plausible claim for relief and
> sufficient to permit the formulation of an informed response.
> Although lawyers receive a modicum of expressive latitude in
> pleading the claim of a client, the complaint in this action
> extends far beyond the outer bound of that latitude.

*Trump v. N.Y. Times Co.*, 2025 U.S. Dist. LEXIS 184005, at *4-5 (M.D. Fla. Sep. 19, 2025) (Order striking the complaint with leave to amend).

Here, Plaintiffs filed a 43-page Complaint, containing nearly 200 numbered allegations, several pages of requested relief, a detailed eight-paragraph introduction, six footnotes, and collectively asserting numerous causes of action between various combinations of two plaintiffs and two defendants, none of which involve all four parties. The nature of Plaintiffs' Complaint has made it so that Walgreens cannot reasonably prepare a responsive pleading.

Rule 12(f) of the Federal Rules of Civil Procedure provides the court with authority to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts enjoy liberal discretion to strike pleadings under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

Walgreens respectfully requests that, pursuant to Rules 12(e) and 12(f) of the Federal Rules of Civil Procedure, the Court should strike Plaintiffs' Complaint and order Plaintiffs to file an amended complaint that is compliant with Rule 8(a).

**C.    §2201 Claim – Counts One and Four – Dr. Ig-Izevbekhai's Declaratory Judgment Claims Against Walgreens Should be Dismissed**

Federal courts may hear and issue declaratory judgments in cases over which subject matter jurisdiction is otherwise established and in which there is presented an actual controversy. 28 U.S.C. §2201(a).[5] Even though a court may have the authority to issue a declaratory judgment, this is one situation where a court having subject matter jurisdiction may, nevertheless, exercise its discretion to decline to exercise it over such a claim. *Aetna Cas. & Sur. Co. v. Jefferson Tr. & Sav. Bank*, 993 F.2d 1364, 1366 (8th Cir. 1993) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)). Despite the frequent use of jurisdictional terminology, §2201(a) provides courts with remedial powers and thus the exercise of discretion does not alter the court's subject matter jurisdiction; rather, the court has the discretion to "**dismiss** an action seeking declaratory judgment." *Countrywide Home Loans, Inc. v. Mortg. Guar. Insu. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)) (emphasis added).

Similarly, claims brought under Minnesota's Uniform Declaratory Judgment Act are also "remedial in nature." *Hoeft v. Hennepin Cty.*, 754 N.W.2d 717, 722 (Minn. Ct. App. 2008) (citing Minn. Stat. §555.12). There must be an established justiciable controversy for the court to resolve that does not require the development of facts to advance the court's ability to resolve the legal issues presented. *McCaughtry v. City of*

---

[5] Certain tax controversies are excluded, and patent cases must follow other procedures, but those issues are not presented in this case.

13

*Red Wing*, 808 N.W.2d 331, 338 (Minn. 2011) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of the Interior,* 538 U.S. 803, 812, (2003)) (internal quotations omitted).

Plaintiffs' causes of action are primarily designed to contest the proper interpretation and/or constitutionality of a Minnesota Board of Pharmacy's regulation that addresses a pharmacist's refusal to compound or dispense prescription drug orders "that may reasonably be expected to be compounded or dispensed in pharmacies" as prohibited unprofessional conduct. Minn. R. 68000.2250, subp. 1(C). Complaint, Doc. 1, ¶¶141, 162. These claims are not brought against Walgreens. Rather, only Dr. Ig-Izevbekhai asserts claims against Walgreens under Title VII of the Civil Rights Act of 1964 and MHRA for alleged religious discrimination in employment premised upon its refusal to permit Dr. Ig-Izevbekhai avoid her obligation to dispense certain medication, which Dr. Ig-Izevbekhai characterizes as a failure to provide a reasonable religious accommodation. See *id*. at ¶¶181-197.

A declaratory judgment action cannot be maintained when it will neither serve a purpose in clarifying and settling the issues nor disposing of the proceedings by affording relief to the parties' controversy. *MASTR Asset Backed Sec. Tr. 2006-HE3 v. WMC Mortg. Corp.*, 843 F. Supp. 2d 996, 1000-01 (D. Minn. 2012) (quoting *United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985). A "request for a declaratory judgment is duplicative" and should be dismissed where it seeks "precisely what [the plaintiff] contends in its [other] claim." *Id*. at 1001. Minnesota courts have interpreted its Uniform Declaratory Judgments Act to similarly provide courts discretion to deny jurisdiction over requests for declaratory relief where there is a statutory enforcement

14

mechanism. *Rupp v. Mayasich*, 561 N.W.2d 555, 558 (Minn. Ct. App. 1997) (holding that an action for declaratory judgment was properly dismissed as nonjusticiable because "[t]he legislature provided the public with a method to protect those important rights by including an enforcement provision within the statute").

In an effort to buttress her employment claims within the set of declaratory judgment claims seeking to have the Court interpret this regulation against the Board Defendants, Dr. Ig-Izevbekhai requests a court declaration affirming the same elements she needs to demonstrate as part of her Title VII and MHRA claims. Specifically, Dr. Ig-Izevbekhai requests the Court declare "Title VII and the Minnesota Human Rights Act require Minnesota employers to offer reasonable accommodations to pharmacists with sincere religious objections" in this context and that Walgreens "took and continues to take severe adverse employment actions" against her. Complaint, Doc. 1, ¶¶146, 150, 168, 170. In addition to the fact that the declaration sought by Dr. Ig-Izevbekhai is duplicative of her employment claims, the requested relief could constitute a violation of the Establishment Clause of the U.S. Constitution. A declaratory judgment stating that Walgreens must permit pharmacists to circumvent their regulatory obligations to dispense or compound drugs based on their Christian beliefs has the effect of establishing their religious beliefs as binding on the Defendants and Walgreens' customers. *See Kennedy v. Bremerton Sch. Dist.,* 597 U.S. 507, 535-36 (2022).

Dr. Ig-Izevbekhai's declaratory judgment actions against Walgreens are subsumed in her employment claims rendering declaratory relief redundant and inappropriate. Whether Walgreens took or continues to take adverse employment actions against her in

15

the past is an element of her claims under Title VII and the MHRA. *See Wilson v. U.S. W. Commc'ns*, 58 F.3d 1337, 1340 (8th Cir. 1995). Parallel to her declaratory judgment claims, Dr. Ig-Izevbekhai again pleads that Walgreens "took adverse employment action" against her and "failed to accommodate [her] sincere religious practices" in her Title VII and MHRA claims. Complaint, Doc. 1, ¶¶185, 186, 188, 193, 194, 196.

Many federal Courts have recognized in other contexts that the existence of a more particularized remedial scheme in a statute should lead to the dismissal of a claim under §2201. Both Title VII and the MHRA afford a successful plaintiff declaratory relief. Dr. Ig-Izevbekhai's claim in Counts One and Four under §2201 are redundant and should be dismissed. *See e.g.*, *Finnegan v. Suntrust Mortgage*, 140 F. Supp. 3d 819 (D. Minn 2015) ("the declaratory judgment claim is redundant and should be dismissed); *Mille Lacs Band of Chippewa Indians v. Minnesota,* 152 F.R.D. 580, 582 (D. Minn.1993) ("A redundant declaratory judgment claim is not a proper declaratory judgment claim and should be dismissed"); *Lancaster v. Northern States Power Co.,* 2011 WL 5444115, at *6 (D. Minn. Nov. 9, 2011) (dismissing a claim for declaratory judgment as redundant because it would not provide additional relief beyond that sought through other claims); *Tesla, Inc. v. La. Auto. Dealers Ass'n*, 677 F. Supp. 3d 417, 462 (E.D. La. 2023) ("[w]here, as here, the declaratory judgment claim is 'redundant of the substantive legal claims,' courts 'uniformly dismiss declaratory judgment claims'") (quoting *Perry v. H.J. Heinz Co. Brands, L.L.C.*, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019) (collecting cases)); *Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*, 479 F. Supp. 3d 143, 148 (E.D. Pa. 2020) ("when declaratory claims are redundant with parallel claims for legal relief,

16

the declaratory claims should be dismissed and the court should proceed on the legal claims"); *Jones v. Nationwide Mut. Ins. Co.*, 2025 U.S. Dist. LEXIS 68713, at *8 (S.D. Fla. Apr. 10, 2025) (dismissing Count II after holding that "it is not clear what relief Plaintiff seeks in Count II that is different from the relief sought in Count I. Consequently, as pled, Count II is redundant with Count I").

In an analogous situation involving a breach of contract claim, a court in this District dismissed a §2201 claim because it would serve no real purpose to remain in the case, ruling that "declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *MASTR Asset Backed Sec. Tr. 2006-HE3*, 843 F. Supp. 2d at 1000-01 (D. Minn. 2012) (dismissing a declaratory judgment claim as duplicative where one party sought a declaration that other parties were contractually obligated to take certain actions on the basis that the same issue was an element of the concurrent breach-of-contract claim).

## IV. CONCLUSION

For the reasons stated herein, and based on the entire record, Defendant Walgreen Co. d/b/a Walgreens respectfully requests that this Court grant its Motion to Dismiss under Rules 12(b)(1), 12(b)(6), and for a More Definite Statement Under Rule 12(e), and to Strike the Complaint under Rule 12(f).

Dated:  October 10, 2025

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.

*s/Bruce J. Douglas*
Bruce J. Douglas, MN #23966
Tyler W. Hartney, MN #0400100
Paola K. Maldonado, MN #0403661
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-339-1818
Facsimile:  612-339-0061
bruce.douglas@ogletree.com
tyler.hartney@ogletree.com
paola.maldonado@ogletree.com

***Attorneys for Defendant***
***Walgreen, Co. d/b/a Walgreens***