UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RACHEL SCOTT and<br>DORA IG-IZEVBEKHAI,<br><br>Plaintiffs,<br><br>v.<br><br>THE MINNESOTA BOARD OF PHARMACY; et. al.,<br><br>Defendants. | Case No. 0:25-cv-03347-KMM-DJF<br><br>**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEVER CLAIMS/PARTIES UNDER FED. R. CIV. P. 21 OF DEFENDANT WALGREEN, CO. D/B/A WALGREENS'** |

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.

*s/Tyler W. Hartney*
Bruce J. Douglas, MN #23966
Tyler W. Hartney, MN #0400100
Paola K. Maldonado, MN #0403661
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612-339-1818
Facsimile:  612-339-0061
bruce.douglas@ogletree.com
tyler.hartney@ogletree.com
paola.maldonado@ogletree.com

***Attorneys for Defendant***
***Walgreen, Co. d/b/a Walgreens***

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ................................................................................................ 1

II. LEGAL STANDARD ........................................................................................................... 3

III. ARGUMENT ........................................................................................................................ 5

   A. The Claims Against the Board Defendants and Against Walgreens Do Not Arise Out of the Same Transaction or Occurrence ...................................... 5

   B. The Claims Against the Board Defendants and Against Walgreens Lack Common Questions of Law or Fact ................................................................ 6

   C. Judicial Economy Would Not Be Served by Maintaining these Improperly Joined Claims in One Action ............................................................ 10

   D. Defendants Would be Unfairly Prejudiced ......................................................... 10

   E. Different Witnesses and Documentary Proof ..................................................... 11

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
   600 F.3d 516 (5th Cir. 2010) ................................................................................. 5

*Ansonia Bd. Of Educ. v. Philbrook*,
   479 U.S. 60, 69 (1986) ........................................................................................... 6

*Bhatia v. Chevron U.S.A., Inc.*,
   734 F.2d 1382 (8th Cir. 1984) ............................................................................... 6

*Brodkorb v. Minnesota*,
   2013 WL 588231 (D. Minn. Feb. 13, 2013) .......................................................... 9

*Byrd v. District of Columbia*,
   807 F. Supp. 2d 37 (D.D.C. 2011) ......................................................................... 4

*Cochrane v. Iowa Beef Processors*,
   596 F.2d 254, 264 (8th Cir.) .................................................................................. 5

*Corley v. Google, Inc.*,
   316 F.R.D. 277 (N.D. Cal. 2016) ........................................................................... 5

*Coughlin v. Rogers*,
   130 F.3d 1348 (9th Cir. 1997) ............................................................................... 5

*E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*,
   135 F.3d 566 (8th Cir. 1998) ................................................................................. 4

*Fjelsta v. Zogg Dermatology, PLC*,
   488 F.3d 804 (8th Cir. 2007) ................................................................................. 6

*Groff v. DeJoy*,
   600 U.S. 447 (2023) ............................................................................................... 6

*Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
   2007 WL 2572048 (D. Minn. Aug. 30, 2007) .................................................... 8, 9

*Henry v. Indep. Sch. Dist. #625*,
   988 N.W.2d 868 (Minn. 2023) ............................................................................... 6

*Intermedics, Inc. v. Cardiac Pacemakers, Inc.*,
    1998 WL 35253490 (D. Minn. Feb. 17, 1998) ............................................................. 11

*Karsjens v. Jesson*,
    6 F. Supp. 3d 916 (D. Minn. 2014) ............................................................................. 7

*Morris v. Northrop Grumman Corp.*,
    37 F. Supp. 2d 556 (D.C.N.Y. 1999) .......................................................................... 4

*Movie Sys., Inc. v. Abel*,
    99 F.R.D. 129 (D. Minn. 1983) ................................................................................... 5

*Murphy v. Mo. Dep't of Corr.*,
    372 F.3d 979, 988 (8th Cir. 2004) ............................................................................... 7

*Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life*,
    497 F.2d 1151 (D. Minn. Feb. 13, 2013) .................................................................... 5

*Odenthal v. Minn. Conference of Seventh-Day Adventists*,
    649 N.W.2d 426 (2d Cir. 1974) ................................................................................... 7

*Patel v. U.S. Bureau of Prisons*,
    515 F.3d 807, 813 (8th Cir. 2008) ............................................................................... 7

*Standlund v. Hawley*,
    532 F.3d 741 (8th Cir. 2008) ....................................................................................... 4

*Stark v. Indep. Sch. Dist. No. 640*,
    163 F.R.D. 557 (D. Minn. 1995) ............................................................................. 9, 10

*Trans World Airlines, Inc. v. Hardison*,
    432 U.S. 63 (1977) ....................................................................................................... 6

*Trebesch v. Astra Pharm. Prods., Inc.*,
    503 F. Supp. 79 (D. Minn. 1980) .............................................................................. 11

*Tullos v. Parks*,
    915 F.2d 1192 (8th Cir. 1990) ..................................................................................... 5

*Valspar Corp. v. E.I. DuPont de Nemours & Co.*,
    15 F. Supp. 3d 928 (D. Minn. 2014) ............................................................................ 4

*Wilson v. U.S. W. Commc'ns*,
    58 F.3d 1337 (8th Cir. 1995) ....................................................................................... 6

## Statutes

28 U.S.C. §2200 ............................................................................................ 2, 3, 5, 10

42 U.S.C. §2000 ......................................................................................................... 6

Minn. Stat. §363 .................................................................................................. 2, 6, 7

Age Discrimination in Employment Act ................................................................... 7

Minnesota Human Rights Act ............................................................................... 2, 6

## Other Authorities

Federal Rules of Civil Procedure Rule 12(b)(1), (6), (f), and (g) ..................................... 3

Federal Rule of Civil Procedure Rule 20(a) ............................................................... 4

Federal Rules of Civil Procedure Rule 21 ............................................... 1, 3, 4, 9, 12

Minn. R. 68000.2250 ................................................................................................. 2

# I. FACTUAL BACKGROUND

The causes of action asserted against Defendant Walgreen, Co. d/b/a Walgreens ("Walgreens") differ significantly from those asserted against the Board Defendants.[1] Plaintiffs Rachell Scott ("Dr. Scott") and Dora Ig-Izevbekhai ("Dr. Ig-Izevbekhai")[2] have not jointly asserted a single claim against Walgreens. Dr. Scott apparently has asserted no claims against Walgreens rendering their participation in the same lawsuit unnecessary and prejudicial.[3] Plaintiffs' pursuit of these claims will contain little or no overlap in applicable questions of fact, questions of law, evidence, or witnesses, and warrant severance under Rule 21 of the Federal Rules of Civil Procedure.

Plaintiffs filed this lawsuit on August 22, 2025, collectively – or more aptly, *non-collectively* – asserting the following eight separate causes of action:

| **TABLE 1** (See Compl., Doc. 1) | | | |
|---|---|---|---|
| Count: | Cause of Action: | Asserted By: | Asserted Against: |
| **1a** | Declaratory Judgment | Dr. Scott | Board Defendants |
| **1b** | Declaratory Judgment | Dr. Ig-Izevbekhai | All Defendants |
| **2** | Free Exercise of Religion | Both Plaintiffs | Board Defendants |

---

[1] The Minnesota Board of Pharmacy, Jill Phillips, Aaron Patterson, Ronda Maria Chakolis-Hassan, Kendra Metz, James Bialke, Amy Paradis, Ben Maisenbach, Michael Haag, John M. Zwier, Barbara Droher Kline, and Brandon Ordway (collectively, the "Board Defendants").

[2] Although neither Plaintiff is a medical doctor, they have chosen to use the prefix "Dr." in their Complaint. Because this uncommon appellation is apparently sometimes used by persons holding a doctorate degree, out of courtesy, we will refer to the Plaintiffs as they refer to themselves in their pleading.

[3] As discussed, *infra*, in Plaintiffs' response to Walgreens' Motion to Dismiss (Doc. 13), Dr. Scott confirmed she asserts no claims against Walgreens (Doc. 25 at 1).

| Count: | Cause of Action: | Asserted By: | Asserted Against: |
|---|---|---|---|
| 3 | Free Exercise | Both Plaintiffs | Board Defendants |
| 4 | Declaratory Judgment | Dr. Ig-Izevbekhai | All Defendants |
| 5 | Free Exercise of Religion | Dr. Ig-Izevbekhai | Board Defendants |
| 6 | Free Exercise | Dr. Ig-Izevbekhai | Board Defendants |
| 7 | Title VII Religion Discrimination | Dr. Ig-Izevbekhai | Walgreens |
| 8 | Minnesota Human Rights Act ("MHRA") Discrimination | Dr. Ig-Izevbekhai | Walgreens |

Dr. Ig-Izevbekhai has asserted only two (out of eight total) claims or Counts against *both* Walgreens and the Board Defendants, which are claims for declaratory relief under 28 U.S.C. §2201(a) (collectively, "§2201(a) claims"). However, a deeper assessment of Dr. Ig-Izevbekhai's §2201(a) claims reveals that the relief she seeks from Walgreens is unrelated to the relief she seeks from the Board Defendants.

| **TABLE 2** (*Compare Id*. at ¶¶150, 170 *with Id*. at ¶¶141-146, 162-168 (emphasis added) | |
|---|---|
| **Declaration Requested re: Walgreens** | A Court order declaring that "**Walgreens took and continues to take severe adverse employment actions** against Dr. Ig-Izevbekhai due to [its] belief that the Board prohibits religious accommodations for pharmacists" with religious beliefs of Dr. Ig-Izevbekhai. |
| **Declaration Requested re: Board Defendants** | A Court order **interpreting Minn. R. 68000.2250, subp. 1(C)** in a manner that holds "neither this rule nor any other Minnesota law creates an obligation for any pharmacist to administer vaccines" nor does it prohibit a pharmacist from declining to fill prescriptions or administer vaccines "for 'personal reasons' involving their religious or ethical convictions" thereby declaring that Minnesota employers are required "to offer reasonable accommodations to pharmacists with sincere religious objections." |

Dr. Ig-Izevbekhai's §2201(a) claims (Counts One and Four) against Walgreens are duplicative of her Title VII and MHRA claims asserted as Counts Seven and Eight (collectively, "Employment Counts"). *Compare Id*. at ¶¶150, 170 *with Id*. at ¶¶185-186,

2

193-194 (various allegations explicitly claiming Walgreens "took adverse employment action" against Dr. Ig-Izevbekhai).

Dr. Ig-Izevbekhai's §2201(a) claims against the Board Defendants assert questions surrounding regulatory interpretation and are alternative to Plaintiffs' mutual Constitutional law claims asserted exclusively against the Board Defendants. Thus, despite being plead as unified causes of action, the §2201(a) claims plead against Walgreens and the Board Defendants do not actually arise out of the same occurrence, present common questions of law or fact, or involve the same witnesses or documentary evidence.

Because there are no claims asserted by Dr. Scott against Walgreens[4] and the claims asserted by Dr. Ig-Izevbekhai against Walgreens and the Board Defendants contain no genuine overlap, the issues and evidence relevant to the claims against the respective Defendants are distinct and should not be presented together in one action. Walgreens requests that the Court order the severance of the Dr. Ig-Izevbekhai's claims against Walgreens from Plaintiffs' action against the Board Defendants.

## II. LEGAL STANDARD

Under Rule 21 of the Federal Rules of Civil Procedure, a court may "sever any claim against a party." FED. R. CIV. P. 21. Courts may sever actions where "parties have been

---

[4] In Walgreens's separate Motion to Dismiss (Doc. 15), brought pursuant Rule 12(b)(1), (6), (f), and (g), Walgreens contended that, to the extent Dr. Scott intended to assert a claim against for attorney's fees against Walgreens, her claims should be dismissed for lack of standing and lack of subject matter jurisdiction based on Dr. Scott's prior settlement of her EEOC charge and execution of a general release and covenant not to sue. Notably, in Plaintiffs' response to Walgreens' Motion to Dismiss (Doc. 13), Dr. Scott confirmed that she asserts no claims against Walgreens (Doc. 25 at 1).

3

improperly joined pursuant to the permissive joinder requirements" set forth in Rule 20(a) of the Federal Rule of Civil Procedure. *Byrd v. District of Columbia*, 807 F. Supp. 2d 37, 76 (D.D.C. 2011); *see also Standlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008). "Rule 20(a) allows parties to join in one action if the plaintiffs' claims (1) arise out of the same transaction or occurrence or series of transactions or occurrences; and (2) involve a common question of law or fact." *Id*. (citing Fed. R. Civ. P. 20(a)).

Actions severed under this Rule proceed as separate, independent, discrete actions. *E.S. v. Indep. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135 F.3d 566, 568 (8th Cir. 1998); *see also Valspar Corp. v. E.I. DuPont de Nemours & Co.*, 15 F. Supp. 3d 928, 932 (D. Minn. 2014) (stating that severance under Rule 21 creates "entirely new civil actions"). "Severance under Rule 21 is committed to the Court's sound discretion." *Valspar Corp.*, 15 F. Supp. 3d at 932 (D. Minn. 2014). Courts will assess these factors to determine whether severance is appropriate:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for separate claims.

*See e.g.*, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (D.C.N.Y. 1999)).

These factors support severing the Dr. Ig-Izevbekhai's claims against Walgreens from Plaintiffs' action against the Board Defendants.

## III. ARGUMENT

### A. The Claims Against the Board Defendants and Against Walgreens Do Not Arise Out of the Same Transaction or Occurrence

Evaluating whether a cause of action arises out of the same "transaction or occurrence" turns on the application of the so-called "logical relation" test. *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990) (citing *Cochrane v. Iowa Beef Processors*, 596 F.2d 254, 264 (8th Cir.), *cert. denied*, 442 U.S. 921 (1979)). Claims must arise from the "same transaction" rather than from "*similar* transactions" thereby requiring an "allegation of joint action" to avoid misjoinder of defendants. *Movie Sys., Inc. v. Abel*, 99 F.R.D. 129, 130 (D. Minn. 1983) (citing *Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life,* 497 F.2d 1151 (2d Cir. 1974). Moreover, "the single transaction or occurrence requirement is not met where plaintiffs would have to prove their claims or defendants would have to litigate their defenses on an individualized basis." *Corley v. Google, Inc.*, 316 F.R.D. 277, 284 (N.D. Cal. 2016) (relying on *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) and *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010)).

Plaintiffs' causes of action against the Board Defendants and Dr. Ig-Izevbekhai's claims against Walgreens are not connected by a logical relationship. Dr. Scott is precluded from asserting claims against Walgreens; Dr. Ig-Izevbekhai would have to prove her claims on an individualized basis. Similarly, given the distinction in relief sought by Dr. Ig-Izevbekhai's §2201(a) claims, the Board Defendants and Walgreens would have to litigate their defenses on an individualized basis because the Board Defendants were not

5

participants in Walgreens' alleged adverse action. Thus, the claims do not arise from the same transaction or occurrence and this factor of analysis supports severance.

    **B.    The Claims Against the Board Defendants and Against Walgreens Lack Common Questions of Law or Fact**

The factual and legal questions to be answered regarding the claims against Walgreens and the Board Defendants are distinct, favoring severed proceedings.

Dr. Ig-Izevbekhai must show that she: (1) has a bona fide religious belief that conflicts with an employment requirement; (2) informed Walgreens of this belief; (3) faced discipline for failing to comply with the conflicting employment requirement. *Wilson v. U.S. W. Commc'ns*, 58 F.3d 1337, 1340 (8th Cir. 1995) (citing to *Bhatia v. Chevron U.S.A., Inc.*, 734 F.2d 1382, 1383 (8th Cir. 1984)). Facts central to this assessment include whether the belief was "sincerely held," whether the employer offered a "reasonable accommodation," and whether providing a "reasonable accommodation" would cause Walgreens "undue hardship." *Id*. (citing 42 U.S.C. §2000e(j); *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69 (1986); *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74-75 (1977)). The *Hardison* "de minimis" standard was illuminated by the Supreme Court in *Groff v. DeJoy*, 600 U.S. 447 (2023) "to mean that 'undue hardship' is shown when a burden is substantial in the overall context of an employer's business." *Id.* at 468. Although the Minnesota Supreme Court has not yet had occasion to consider the new "de minimis" standard in *Groff,* it often applies the same Title VII analysis when the two statutes have the same prohibition. *See Fjelsta v. Zogg Dermatology, PLC,* 488 F.3d 804, 809 (8th Cir. 2007); *Henry v. Indep. Sch. Dist. #625*, 988 N.W.2d 868, 880 (Minn. 2023) ("In construing

6

the Human Rights Act, we look to both Minnesota case law and federal case law arising under similar federal statutes, Title VII of the 1964 Civil Rights Act and the Age Discrimination in Employment Act (ADEA)").

Plaintiffs' claims against the Board Defendants are distinct and require independent factual considerations with only minimal overlap. Dr. Ig-Izevbekhai's Minnesota Constitutional Law claims require consideration of:

> (1) the objector's belief is sincerely held;
> (2) the state action burdens the exercise of religious beliefs;
> (3) the state's interest is overriding or compelling; and
> (4) the state action uses the least restrictive means.

*Odenthal v. Minn. Conference of Seventh-Day Adventists*, 649 N.W.2d 426, 442 (Minn. 2002) (internal citation omitted). Similarly, Plaintiffs' Federal Constitutional Law Claims require evidence that the regulation:

> (1) significantly inhibits or constrains conduct or expression that manifests some central tenet of a person's individual religious beliefs;
> (2) meaningfully curtails a person's ability to express adherence to his or her faith; or
> (3) denies a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Karsjens v. Jesson*, 6 F. Supp. 3d 916, 938 (D. Minn. 2014) (citing *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (quoting *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004)).

There is nominal overlap in the considerations applicable to Plaintiffs' claims against the Board Defendants and Walgreens. The only similar consideration is the sincerity of Dr. Ig-Izevbekhai's professed religious beliefs. The question of the sincerity of Plaintiffs' professed religious beliefs inevitably will depend on distinct facts and evidence

7

unique to each, which will include, *inter alia*, to the extent they exist, personal statements in her accommodation request forms, interviews, documented admissions and her deposition testimony.

In an analogous situation involving an products liability matter, a court in this District severed medical negligence claims against the medical provider from products liability claims against the manufacturer and designer of the implanted product. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048 at *2-3 (D. Minn. Aug. 30, 2007). The court determined that the plaintiff's claims against the medical provider required "evidence on [the plaintiff's] care, treatment, and services" while the plaintiff's claims against the manufacturer and designers required evidence regarding the "development, manufacture, and testing of [the plaintiff's] ICD along with evidence of [the defendants'] knowledge, warnings, and representations regarding defective ICD's." *Id*. "Any liability that may be found against either [the manufacturer/designer defendants] or [the medical provider] would not be a basis for liability as to the other. However, separate liability as to each could be separately found" and justice was therefore best severed by an order for severance. *Id*.

Similarly, Dr. Ig-Izevbekhai's claims against Walgreens do not impose upon Walgreens any need to evaluate evidence regarding Dr. Scott's faith, the regulation's impact on either of the Plaintiffs' ability to express adherence to their respective faiths, or whether either of the Plaintiffs were denied opportunities to engage in activities fundamental to each's respective religions. Likewise, the Board Defendants were not involved in Walgreens' offered accommodation and do not have an interest in whether

8

such an accommodation constituted a "reasonable accommodation," nor do the Board Defendants have any interest in whether Dr. Ig-Izevbekhai faced "discipline" for failing to comply with Walgreens' employment requirement. Plaintiffs' claims essentially place the Board Defendants in the role of the manufacturer/designer of the challenged regulation and Walgreens' in the role of the medical provider in *In re Guidant*; because liability found against either would not provide a basis for liability to the other and each could be found liable separately, the interests of justice require severance.

The lack of commonality of the Plaintiffs' claims and of Dr. Ig-Ivezbekhai's claims supports this Motion to Sever them and create separate cases. Rule 21 provides an appropriate mechanism to correct misjoinder in this case by separating and putting in separate lanes the claims asserted by Plaintiffs. This result will lead to a more wieldy case for all concerned. *See Brodkorb v. Minnesota,* 2013 WL 588231 (D. Minn. Feb. 13, 2013) (using severance as a mechanism for removing a party from litigation, in the interest of judicial economy, where the Plaintiff asserted no claims against it). A court in this district has assessed the appropriate procedural mechanism to apply where " issues of fundamental constitutional significance are sought to be raised by Plaintiffs and the other Defendants" where a resolution to such an issue could be "best achieved without the distraction" of another defendant. *Stark v. Indep. Sch. Dist. No. 640*, 163 F.R.D. 557, 564 (D. Minn. 1995). In determining whether to dismiss or sever, the court found that the assessment turned on whether "resolution of the dispute among the remaining parties will also resolve all claims involving" the severed party. *Id*. Similarly, the court assessed whether it would have permitted the plaintiff to add the individual as a defendant had he been omitted initially.

9

*Id*. In *Stark*, the court determined that the resolution of the claims against the School District would leave no outstanding claim against an individually named school board member and that the court would have denied a hypothetical request to add the individual as a defendant had he not been included in the initial complaint, thus dismissal was warranted. *Id*. (dismissing the claims against the board member without prejudice). While, for the reasons outlined above, the Court would not likely permit Plaintiffs to add Walgreens as a party to this action had it initially been omitted from the Complaint, the resolution of Plaintiffs' claims against the Board Defendants would distinguishably <u>not</u> dispose of Dr. Ig-Ivezbekhai's claims against Walgreen; thus, severance is the proper procedural mechanism. *See id*.

    **C.    Judicial Economy Would Not Be Served by Maintaining these Improperly Joined Claims in One Action**

Severing the cases will lead to more efficient trials presenting a narrower set of issues thereby reducing the amount of evidence presented on unrelated claims. Similarly, Plaintiffs' §2201(a) claims against the Board Defendants, as an issue of regulatory interpretation, may likely be resolved as a matter of law while Dr. Ig-Izevbekhai's Employment Counts may present issues of fact that might, or might not, be resolved at summary judgment. Therefore, the judicial economy factor supports severance.

    **D.    Defendants Would be Unfairly Prejudiced**

In addition to the lack of judicial economy raising discovery and trial preparation costs unnecessarily for all parties, the concurrent presentation of two complicated cases together may prejudice the parties by making it difficult for the jury to understand the

nuanced facts and issues. *Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, 1998 WL 35253490, at *16 (D. Minn. Feb. 17, 1998). Severance is favored in instances upon which trying claims concurrently "may, unnecessarily, clutter the record, and unduly complicate the Jury's task" especially where there "is concern that a unified Trial of issues could result in the Jury's consideration of evidence which is appropriate as to one issue, but not as to another." *Id*. (internal citations omitted). Walgreens would be prejudiced by the concurrent presentation of evidence relating to Dr. Scott's claims against the Board Defendants and would likely confuse the jury. *See id*. Such evidence would be especially prejudicial to Walgreens given the nature of the evidence relevant to Dr. Scott's claims against the Board Defendants, which would involve her suffering an adverse employment action by Walgreens; permitting Dr. Scott to present this evidence at a trial involving Walgreens would be in circumvention of the settlement agreement between Walgreens and Dr. Scott. Meanwhile, neither the Plaintiffs nor the Board Defendants will suffer prejudice from the severance of these unrelated matters. *See Trebesch v. Astra Pharm. Prods., Inc.*, 503 F. Supp. 79, 80 (D. Minn. 1980) (holding that dismissal under Rule 21 was appropriate where the plaintiff had relinquished all claims against one of the defendants and holding that the remaining defendant could not show any prejudice due to the dismissal). Thus, this factor supports severance.

### E.    Different Witnesses and Documentary Proof

Finally, there are no expected common witnesses or documentation amongst the Plaintiffs' claims against the Board Defendants and Dr. Ig-Izevbekhai's claims against Walgreens. Given Dr. Ig-Izevbekhai's claims against Walgreens, Walgreens would expect

to present evidence/documentation relating to Dr. Ig-Izevbekhai's employment and request for an accommodation and its offer of a reasonable accommodation – none of which would relate to the claims against the Board Defendants. Therefore, this factor supports severance.

## IV. CONCLUSION

Having demonstrated the above five-factors support the request for severance under Fed. R. Civ. P. 21, Walgreens respectfully requests that the Court issue an Order severing Dr. Ig-Izevbekhai's claims against Walgreens from Plaintiffs' action against the Board Defendants.

Dated:  October 30, 2025                    Respectfully submitted,

                                            OGLETREE, DEAKINS, NASH, SMOAK
                                            & STEWART, P. C.

                                            *s/Tyler W. Hartney*
                                            Bruce J. Douglas, MN #23966
                                            Tyler W. Hartney, MN #0400100
                                            Paola K. Maldonado, MN #0403661
                                            Capella Tower
                                            225 South Sixth Street, Suite 1800
                                            Minneapolis, MN  55402
                                            Telephone:  612-339-1818
                                            Facsimile:  612-339-0061
                                            bruce.douglas@ogletree.com
                                            tyler.hartney@ogletree.com
                                            paola.maldonado@ogletree.com

                                            ***Attorneys for Defendant***
                                            ***Walgreen, Co. d/b/a Walgreens***

92725636-Ogletree

12